UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC HERRERIAS-MUNOZ, | |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| MOTORINO BROADWAY INC., and MATHIEU PALOMBINO | **ECF CASE** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Eric Herrerias-Herrerias ("Herrerias," or "plaintiff"), by his attorneys Braverman Law PC, complaining of defendants Motorino Broadway Inc. ("Motorino Inc.") and Mathieu Palombino ("Palombino" and, together with Motorino, the "defendants"), alleges:

NATURE OF THE ACTION

1. Plaintiff brings this action to recover overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL") in connection with his work for defendants.

2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime wages, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.  All facts alleged in this Complaint occurred at the restaurant operated by defendant Motorino Inc. that is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff Herrerias resides in Queens, New York.

6. Defendants employed Herrerias as a food service employee from approximately July 1, 2014, through approximately November 1, 2016, when they terminated plaintiff's employment.

**Defendants**

7. Defendant Motorino Inc. (also referred to herein as "Motorino Pizza") is a New York corporation that owns, operates, and does business as Motorino Pizza, a restaurant located at 139 Broadway, Brooklyn, NY 11211.  In keeping with its namesake, Motorino Pizza prepares and serves pizza and related food on its premises and for delivery.

8. Defendant Motorino Pizza has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Motorino Pizza is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Upon information and belief, Motorino Pizza has annual gross volume of sales in excess of $500,000.

11. Defendant Palombino is a person engaged in business in the City of New York, County of Kings, who is an owner and/or manager of Motorino Pizza.

12. Throughout Herrerias's employment, defendant Palombino hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Motorino Pizza. Defendant Palombino has exercised sufficient control over Motorino Pizza's operations to be considered plaintiff's employer under the FLSA and NYLL.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's duties and hours worked**

13. Throughout his employment, plaintiff Herrerias worked in Motorino Pizza's kitchen, preparing food that was served and/or delivered to restaurant customers. Typical duties would be preparing pizza, salad and other items on the menu. Occasionally, Herrerias would order food supplies.

14. Herrerias often prepared food that would be sold not only at the Brooklyn location, where he was based, but also at other Motorino Pizza locations, such as the East Village location, at 349 E 12th St # A, New York, NY 10003.

15. At all times relevant herein, plaintiff Herrerias was a non-exempt

employee under the FLSA and FLSA.

16.  Herrerias's schedule was subject to fluctuation.  From the beginning of his employment up until approximately December 31, 2015, Herrerias worked six days a week, taking a day off generally on Tuesdays.

17.  Starting in 2016, Herrerias went to a five-day per week schedule, but often times would end working 6 or 7 a week days if the business got busy or staff shortages required him to perform substitute duties.

18.  Herrerias would generally begin working at 10:00 a.m. and leave at 9:00 p.m., but sometimes he would stay until 11:00 or 11:30 p.m. depending on staffing needs.

19.  During a typical workday, Herrerias received minimal break time, usually taking no more than 20 minutes to eat.

20.  Accordingly, Herrerias worked anywhere from approximately 55 hours a week (when he worked 5 days a week, 11 hours a day) to 80 hours a week, when he worked 7 days a week for a 11 hours or longer a day.

21.   During one particular stretch starting in approximately May 2016, plaintiff was required to work for approximately three to four months, seven days a week, between 11 and 12 hours a day.

**Defendants' Failed to Pay Overtime Wages, and Failed to Provide Paystubs or Other Required Notices.**

22.  From the beginning of his employment until approximately July 1, 2016, Herrerias was paid $1,000 per week, consisting of a check in the amount of $500, with $500 being paid in cash.

23. Starting on or around July 1, 2016, Herrerias' pay was increased to $1,200 per week, with Herrerias receiving a check for $600 and $600 in cash.

24. Plaintiff Herrerias never received *any* compensation for the hours over forty that he worked every week.

25. Motorino Pizza did not provide Herrerias with notices informing him of, *inter alia*, his rate of pay at the time of hiring.

## FIRST CLAIM
(Fair Labor Standards Act — Unpaid Overtime)

26. Herrerias repeats and realleges all forgoing paragraphs as if set forth herein.

27. Defendants were required to pay Herrerias one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq*.

28. Defendants failed to pay Herrerias the overtime wages to which he was entitled under the FLSA.

29. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Herrerias overtime wages.

30. Due to defendants' violations of the FLSA, Herrerias is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
(New York Labor Law — Unpaid Overtime)

31. Herrerias repeats and realleges all forgoing paragraphs as if set forth

herein.

32. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Herrerias one and one half (1.5) times the regular rate of pay for all hours that he worked in excess of forty.

33. Defendants failed to pay Herrerias the overtime wages to which he was entitled under the NYLL.

34. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Herrerias overtime wages.

35. Due to defendants' willful violations of the NYLL, Herrerias is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
(New York Labor Law — Wage Theft Prevention Act)

36. Herrerias repeats and realleges all forgoing paragraphs as if set forth herein.

37. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

38. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time he are paid.

39. Throughout Herrerias's employment with defendants, defendants paid him without providing a wage statement accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

40. In violation of NYLL § 191, defendants failed to furnish to Herrerias at the time of hiring, whenever there was a change to his rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

41. Defendants failed to furnish Herrerias with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours

7

worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

  42. Due to defendants' violation of NYLL § 195(1), Herrerias is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

  43. Due to defendants' violation of NYLL § 195(3), Herrerias is entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

  a. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

  b. declaring that defendants violated the notice provisions of the NYLL and WTPA;

  c. declaring that defendants' violations of the FLSA and NYLL were willful;

  d. enjoining future violations of the FLSA and NYLL by defendants;

  e. awarding plaintiff damages for unpaid overtime wages;

  f. awarding plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

    g.    awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

    h.    awarding plaintiff pre- and post-judgment interest under the NYLL;

    i.    awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    j.    awarding such other and further relief as the Court deems just and proper.

Dated:    New York, New York
             December 6, 2016

                                      BRAVERMAN LAW PC

                                      By: _____
                                          Adam Braverman, Esq.

                                      450 Seventh Avenue, Suite 1308
                                      New York, New York 10123
                                      (212) 206-8166
                                      adam@bravermanlawfirm.com

                                      *Attorneys for Plaintiff*