UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC HERRERIAS-MUNOZ,

                Plaintiff,

- against -

MOTORINO BROADWAY INC. and MATHIEU PALOMBINO

                Defendants.

Index No.: 1:16-cv-06736

**ANSWER**

      Motorino Broadway Inc. ("Motorino") and Mathieu Palombino ("Palombino") (collectively as "Defendants"), by their attorneys, McLaughlin & Stern, LLP, hereby answer Plaintiff's Complaint ("Complaint") as follows:

      1.     Paragraph 1 of the Complaint purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY those allegations.

      2.     DENY the allegations contained in Paragraph 2 of the Complaint.

      3.     Paragraph 3 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

      4.     Paragraph 4 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

5. LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. ADMIT that Plaintiff is a former employee of Motorino and DENY that Plaintiff was an employee of Palombino.

7. ADMIT the allegations contained in paragraph 7 of the Complaint.

8. ADMIT the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

10. ADMIT the allegations contained in paragraph 10 of the Complaint.

11. ADMIT that Palombino is a shareholder of Motorino, except DENY the remaining allegations contained in paragraph 11 of the Complaint.

12. ADMIT that Palombino had the ability to hire and fire employees of Motorino, dictate work schedules and policies, and establish and implement pay practices. The remaining allegations of paragraph 12 of the Complaint set forth legal conclusions to which no responsive pleading is required; however, to the extent, if any, that the remaining allegations in this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

13. ADMIT the allegations contained in paragraph 13 of the Complaint.

14. ADMIT the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

16. ADMIT the allegations contained in paragraph 16 of the Complaint.

17. ADMIT that Plaintiff worked approximately five days per week in 2016, except DENY the remaining allegations contained in paragraph 17 of the Complaint.

18. DENY the allegations contained in paragraph 18 of the Complaint.

19. DENY the allegations contained in paragraph 19 of the Complaint.

20. DENY the allegations contained in paragraph 20 of the Complaint.

21. DENY the allegations contained in paragraph 21 of the Complaint.

22. ADMIT the allegations contained in paragraph 22 of the Complaint.

23. ADMIT the allegations contained in paragraph 23 of the Complaint.

24. DENY the allegations contained in paragraph 24 of the Complaint.

25. DENY the allegations contained in paragraph 25 of the Complaint.

26. Inasmuch as paragraph 26 of the Complaint purports to reallege and incorporate by reference the allegations set forth in paragraphs 1 through 25, Defendants incorporate by reference their answers to paragraphs 1 through 25 of the Complaint and note that paragraph 26 contains no allegations to which a responsive pleading is required.

27. Paragraph 27 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

28. DENY the allegations contained in paragraph 28 of the Complaint.

29. DENY the allegations contained in paragraph 29 of the Complaint.

30. DENY the allegations contained in paragraph 30 of the Complaint.

31. Inasmuch as paragraph 31 of the Complaint purports to reallege and incorporate by reference the allegations set forth in paragraphs 1 through 30, Defendants incorporate by reference

their answers to paragraphs 1 through 30 of the Complaint and note that paragraph 31 contains no allegations to which a responsive pleading is required.

32. Paragraph 32 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

33. DENY the allegations contained in paragraph 33 of the Complaint.

34. DENY the allegations contained in paragraph 34 of the Complaint.

35. DENY the allegations contained in paragraph 35 of the Complaint.

36. Inasmuch as paragraph 36 of the Complaint purports to reallege and incorporate by reference the allegations set forth in paragraphs 1 through 35, Defendants incorporate by reference their answers to paragraphs 1 through 35 of the Complaint and note that paragraph 36 contains no allegations to which a responsive pleading is required.

37. Paragraph 37 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

38. Paragraph 38 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations of fact, Defendants DENY those allegations.

39. DENY the allegations contained in paragraph 39 of the Complaint.

40. DENY the allegations contained in paragraph 40 of the Complaint.

41. DENY the allegations contained in paragraph 41 of the Complaint.

42. DENY the allegations contained in paragraph 42 of the Complaint.

43. DENY the allegations contained in paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against Defendants.

### SECOND DEFENSE

Defendants had and have no intention to violate any provision of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations. Therefore, Defendants did not and are not willfully violating the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations.

### THIRD DEFENSE

The Plaintiff was exempt for all or part of his employment from the overtime and/or minimum wage pay requirements of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

### FOURTH DEFENSE

Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### SIXTH DEFENSE

Palombino is not an employer within the meaning of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations, and thus, is not personally liable for any wages purported owed to the Plaintiff.

## SEVENTH DEFENSE

To the extent that Plaintiff performed work for which he was not compensated, Defendants had no knowledge of such work.

## EIGHTH DEFENSE

To the extent that Plaintiff performed work for which he was not compensated, such work was *de minimis*.

## NINTH DEFENSE

To the extent that Plaintiff performed work for which he was not compensated, such work is noncompensable preliminary and/or postliminary work under the Fair Labor Standards Act or applicable state law.

## TENTH DEFENSE

The Complaint seeks payment for hours, in whole or in part, that are not compensable "work time" within the meaning of the Fair Labor Standards Act or applicable state law.

## ELEVENTH DEFENSE

To the extent that Plaintiff is entitled to damages under the Fair Labor Standards Act, the Defendants are entitled to certain credits and/or offsets against such damages as authorized by the Fair Labor Standards Act and applicable state law.

## THIRTEENTH DEFENSE

In calculating overtime liability, if any, Defendants are entitled to the exclusion of all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254 and New York law.

## FOURTEENTH DEFENSE

Plaintiff's claims for liquidated damages are barred in whole or in part by the provisions of 29 U.S.C. § 260 and under New York law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions did not violate the law.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, waiver and/or laches.

## SIXTEENTH DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to judgment or other relief of any kind and pray for judgment as follows:

1. That the Court enter a judgment dismissing Plaintiff's Complaint in its entirety and with prejudice;

2. That judgment be entered in favor of Defendants and against Plaintiff, awarding Defendants their costs, disbursements, and reasonable attorneys' fees and expenses incurred in connection with this action; and

3. That Defendants be awarded such other and further relief as the Court may deem proper.

Dated: New York, NY
March 31, 2017

Respectfully submitted,

\_\_\_/s/_____

Ralph R. Hochberg
Brett R. Gallaway
McLAUGHLIN & STERN, LLP
260 Madison Ave.
New York, NY 10016
(212) 448-1100

*Attorneys for Defendants*